# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FLEETWASH, INC., a foreign
corporation,

        Plaintiff,

vs.

MATTHEW HALL, an individual;
MOBILE TRUCK WASH, LLC, a
domestic limited liability company; and
DOES I-X and ROE CORPORATIONS
I-V, inclusive,

        Defendants.

Case No. 3:17-cv-00170-MMD-VPC

**ORDER GRANTING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

## I.    BACKGROUND

On March 20, 2017, Plaintiff Fleetwash, Inc. filed a Motion for a Temporary Restraining Order (ECF No. 4**)** and Motion for a Preliminary Injunction (ECF No. 5**)**. Defendants Matthew Hall ("Hall") and Mobile Truck Wash, LLC ("MTW") filed an Opposition on April 3, 2017 (ECF No. 13), and Plaintiff filed a Reply on April 10, 2017 (ECF No. 14). The Court conducted a hearing on May 3, 2017 and May 4, 2017 in which witness testimony and exhibits were admitted into evidence. The Court granted Plaintiff's motions and directed Plaintiff to submit a proposed order.

## II.    LEGAL STANDARD

Injunctive relief is a matter of discretion and an extraordinary remedy to be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of hardships tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S.

7 (2008). The Ninth Circuit utilizes a sliding scale approach in that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-1135 (9th Cir. 2011). A plaintiff is not required to demonstrate a certainty of success, but rather only a "fair chance of success," in order to obtain preliminary injunctive relief.

## III.    FINDINGS AND CONCLUSIONS

The Court, having duly considered Plaintiff's Complaint, emergency motions, and the evidence presented by the parties, hereby makes the following findings and conclusions.

1.  Plaintiff is likely to succeed on the merits of its intentional interference with contractual relations and intentional interference with prospective economic advantage claims.

2.  In an action for intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage. *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003). This claim requires proof of intentional acts by a defendant intended or designed to disrupt a plaintiff's contractual relations. *Id.* at 1268.

3.  In order to establish a claim for interference with prospective economic advantage in Nevada, a plaintiff must establish the following elements: (1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing this relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result. *Custom Teleconnect, Inc. v. Int'l Tele-Servs., Inc.*, 254 F. Supp. 2d 1173, 1180–81 (D. Nev. 2003).

4.  Here, there is no dispute that Plaintiff has contracts with some of its customers. Defendants knew of the contracts by virtue of Hall's former position as Operations

1  Manager and Hall had access to customer contact information, the
2  representative's name, and pricing information. Defendants set up their business
3  in October 2016 using Plaintiff's resources to jump start the business, including
4  Plaintiff's American Express credit card.

5. Hall's explanation that it was an accident that he used Plaintiff's American Express credit card is not credible because he made three charges on three different dates, December 31, 2016, January 5, 2017 and January 6, 2017.

6. Hall also used Plaintiff's employees while the employees were being paid by Plaintiff to do work for Fleetwash's clients on behalf of MTW. Mr. Delgado's testimony was credible on this issue because he does not any personal interest in this dispute and it takes a lot for an employee to report his supervisor. The Court also make this assessment based on Mr. Delgado's demeanor at the hearing.

7. Further, Hall admitted to servicing Plaintiff's customer, American Ready Mix, and his explanation of the other customers who were serviced was not credible in light of Mr. Delgado's testimony that Hall knew that Bladmir Navarro had performed work for those customers, that Hall directed other employees to service Plaintiff's customers, and the work orders showing MTW as the provider.

8. Plaintiff is also likely to succeed on the merits of its defamation claim. Hall made false statements intending to interfere with Plaintiff's contracts with customers and prospective business, which has harmed Plaintiff's relationships with its customers. Mr. Carlton's testimony demonstrated that Hall engaged in intentional conduct designed to interfere with Plaintiff's contracts and business.

9. Absent preliminary relief, Defendants' conduct will result in irreparable harm to Plaintiff in the form of losing customers and reputational harm that monetary damage alone cannot address if MTW is allowed to benefit.

10. The balance of equities tips in Plaintiff's favor to grant the requested preliminary injunction.

///

3.

11. The public interest weighs in favor of granting Plaintiff the requested preliminary injunction.

## IV.    ORDER

Accordingly,

It is hereby ordered that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 4) and Motion for a Preliminary Injunction (ECF No. 5) are granted.

It is further ordered that Plaintiff shall post a bond of $1,000.00 with the Clerk's Office to be held during the period of the injunction.

It is further ordered that Defendants are enjoined as follows:

a. Defendants must return any and all property acquired using Plaintiff's resources including but not limited to the Action Embroidery items and cell phone. Plaintiff's list of items that Defendants must return is attached as Exhibit 2. If the parties are unable to reach an agreement regarding the items, the parties shall notify the Court to resolve the issue.

b. Defendants are prohibited from making any defamatory statements concerning Plaintiff, including but not limited to stating that Plaintiff is going out of business.

c. Defendants are prohibited from doing business with any companies they solicited while employed by Plaintiff, which include CR England, Pac-Lease, American Ready Mix, and New West Distribution.

d. Also, Defendants are prohibited from doing business with any companies who cancelled with Plaintiff in February 2017, because Defendants benefited from the ability to jump start their business and balancing the factors to find the closest in time customers, which include Unifirst, Sierra Truck & Trailer, Creative Transport, Reno Lumber, Oak Harbor Freight, and Sheahan Transportation.

e. Defendants shall distribute a letter to the identified customers to inform them that Defendants are prohibited from doing business with them due to this

Order. A copy of the proposed letter drafted by Plaintiff is attached as Exhibit 3. If the parties are unable to reach an agreement regarding the items, the parties shall notify the Court to resolve the issue.

    f.  This injunction shall remain in place until the completion of a hearing on the merits of the case.

Dated: May 15, 2017

Respectfully submitted,

/s/ Sandra Ketner, Esq.
SANDRA KETNER, ESQ.
KAITLYN M. BURKE, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Plaintiff
FLEETWASH, INC.

IT IS SO ORDERED.

DATED THIS 18th day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2,


# PLAINTIFF'S LIST OF ITEMS FOR DEFENDANTS TO RETURN

| Item Name | Quantity | Value Requested |
|---|---|---|
| Phone | 1 | Return phone number: 951-219-0325 and pay $1,002.49 in Sprint charges from 2/13/17 to 4/13/17 |
| MTW Apparel | 60 | $1,037.45 |
| MTW Door Magnets | n/a | $85.00 |
| Dewalt Angle Grinder 4.5" | 1 | $173.80 |
| Dewalt Cordless Jigsaw, 4 position | 1 | $165.25 |
| Oscillating Tool Kit | 1 | $220.48 |
| Merchant Couplings 2" | 12 | $138.36 |
| Brass Valves 2" | 4 | $170.32 |
| Y-Strainers | 4 | $174.72 |
| Street Elbows 2" | 8 | $204.64 |
| Pipe Nipples 2"x18" Carbon Steel | 4 | $131.16 |
| Baritainer Jerry Cans 20L | 15 | $451.65 |
| Clamp Lights | 8 | $80.80 |
| Pressure Hoses 100' | 9 | $900.00 |
| V-Belt, Detachable, 2 Groove, 7.75" OD | 4 | $43.52 |
| QD Bushing, Series QT, Bore Dia 24 mm | 16 | $174.08 |
| V-Belt Pulley, Detachable, 2 Groove, 3.95 | 8 | $495.68 |
| V-Belt Pully, Detachable, 2 Groove, 5.25" | 4 | $324.32 |
|  |  |  |
| **Total Requested = Return phone number and $6,132.72** | | |

# EXHIBIT 3,


# PLAINTIFF'S PROPOSED LETTER FOR DEFENDANTS TO DISTRIBUTE TO CUSTOMERS ENJOINED FROM SERVICING

Dear Customer:

Pursuant to     a pending legal action, Mobile Truck Wash, LLC is unable to provide direct or indirect services to your company for the duration of the legal action.  If you have any questions, please contact David O'Mara, Esq. at 775-323-1321 or Sandra Ketner, Esq. at 775-785-6387.

Sincerely,


Matthew Hall, Owner
Mobile Truck Wash, LLV